# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** (For a Petty Offense) |
|---|---|
| v. | CASE NUMBER: 14-po-00065-GPG-01 |
| WALTER J. BLANC | Gary A. Wright, Retained (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts 3, 4, 6, 7, 8, 9, 10, 11, 12, and 14 of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 16 U.S.C. § 551 and 36 C.F.R. § 261.3(a) | Interfering with a Forest Officer Engaged in Duties | 07/25/2014 | 3 |
| 16 U.S.C. § 551 and 36 C.F.R § 261.3(a) | Interfering with a Forest Officer Engaged in Duties | 07/25/2014 | 4 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on counts 1 and 5 of the Second Superseding Indictment and is discharged as to such counts. Counts 2 and 13 of the Second Superseding Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 11, 2015
Date of Imposition of Judgment

_/s/_
Signature of Judicial Officer

Gordon P. Gallagher, U.S. Magistrate Judge
Name & Title of Judicial Officer

5/27/2015
Date

DEFENDANT: WALTER J. BLANC
CASE NUMBER: 14-po-00065-GPG-01                                    Judgment-Page 2 of 7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 16 U.S.C. § 551 and 36 C.F.R. § 261.12(d) | Blocked, Restricted and Interfered with the Use of a Trail | 08/02/2014 | 6 |
| 16 U.S.C. § 551 and 36 C.F.R. § 261.3(a) | Interfering with a Forest Officer Engaged in Duties | 08/02/2014 | 7 |
| 16 U.S.C. § 551 and 36 C.F.R. § 261.12(d) | Blocked, Restricted and Interfered with the Use of a Trail | 08/04/2014 | 8 |
| 16 U.S.C. § 551 and C.F.R. § 261.9(a) | Damage Property of the United States | 09/09/2014 | 9 |
| 16 U.S.C. § 551 and 36 C.F.R. § 261.10(a) | Constructed a Road and Bridge Without Authorization | 09/09/2014 | 10 |
| 16 U.S.C. 551 and 36 C.F.R. § 261.9(a) | Damaged a Natural Feature and Property of the United States | 09/09/2014 | 11 |
| 16 U.S.C. § 551 and 36 C.F.R. § 261.6(a) | Cut, Removed, and Damaged Timber, Trees or Other Forest Production Without Authorization | 09/09/2014 | 12 |
| 16 U.S.C. § 551 and 36 C.F.R. § 261.10(p) | Used and Occupied National Forest System Lands of Facilities Without an Approved Operating Plan When Required | 09/09/2014 | 14 |

DEFENDANT: WALTER J. BLANC
CASE NUMBER: 14-po-00065-GPG-01

Judgment-Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months on each of Counts 3, 4, 6-12, and 14, all of which is suspended upon successful completion of probation.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

## PROBATION

The defendant is hereby placed on probation for a term of two (2) years.

The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT: WALTER J. BLANC
CASE NUMBER: 14-po-00065-GPG-01

Judgment-Page 5 of 7

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

2) The defendant shall not possess a firearm, destructive device or dangerous weapon during the course of probation.

3) The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

4) The defendant shall not enter National Forest Service Land unless and until an approved plan of operations has been signed, agreed upon by all parties, and filed with the Court. Prior to this time, the defendant may go to his unpatented mining claim with a National Forest Service Officer and Sheriff Officer for a limit of one hour to gather property or belongings of the defendant's. The defendant is permitted to travel across national forest service land on paved roads.

DEFENDANT: WALTER J. BLANC
CASE NUMBER: 14-po-00065-GPG-01                                     Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Counts | Assessment | CVB | Fine | Restitution |
|---|---|---|---|---|
| 3, 4, 6-12, and 14 | $10 per count | 0 | $0.00 | $30,000.00 |
| **TOTALS** | $100.00 | | $0.00 | $30,000.00 |

The defendant shall make restitution to the following payees in the amounts listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| USDA Forest Service, Dillon RD<br>PO Box 620<br>Silverthorne, CO 80498 | $30,000.00 | $30,000.00 | |
| **TOTALS** | $30,000.00 | $30,000.00 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  WALTER J. BLANC
CASE NUMBER:  14-po-00065-GPG-01                                                        Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

Defendant to make monthly payments in the amount of $250 per month.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.